UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOHNSTONE,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>NEVADA TERRITORIAL LOCAL JURISDICTION OF PUBLIC OFFENSE, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:23-cv-00596-ART-CLB<br><br>DISMISSAL ORDER |

On November 27, 2023, *pro se* Petitioner Robert Johnstone filed a handwritten purported habeas corpus petition under 28 U.S.C. § 1332 and a motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-2.) Because Johnstone is a prisoner in the custody of the Nevada Department of Corrections and is currently housed at Northern Nevada Correctional Center, this Court previously indicated that the only proper basis for Johnstone's federal habeas claims is under 28 U.S.C. § 2254. (ECF No. 3.) As such, on December 4, 2023, this Court instructed Johnstone to file an amended petition on the Court's 28 U.S.C. § 2254 form for state prisoners. (*Id.*) On December 19, 2023, Johnstone timely complied by filing an "amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, F.R.C.P. Rule 5.1(a)(1)(B), 28 U.S.C. § 2403(b)." (ECF No. 4.) This matter comes before the Court for initial review of the amended petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of the IFP motion. This Court finds good cause exists to grant the IFP motion, but for the reasons discussed below, this Court dismisses the amended petition.

**I.   BACKGROUND**

Johnstone was convicted of murdering Eugene and Mary Carone in Las Vegas, Nevada on December 18, 1971. *See Johnstone v. State*, 548 P.2d 1362 (Nev. 1976). Johnstone appealed, and the Nevada Supreme Court reversed and

1

remanded for a new trial. *Id.* Johnstone was retried and again convicted of two counts of first-degree murder. *See Johnstone v. State*, 566 P.2d 1130 (Nev. 1977). Johnstone previously sought state and federal postconviction relief. Indeed, this Court previously denied Johnstone's federal habeas petition on the merits in case number CV-N-94-370-ECR. On August 19, 1999, the Ninth Circuit Court of Appeals affirmed this Court's merits order. *See Johnstone v. Dir., Nevada Dep't of Prison*, Case No. 98-16476, 1999 WL 639195 (9th Cir. Aug. 19, 1999). The United States Supreme Court subsequently denied Johnstone's petition for writ of certiorari. *See Johnstone v. Bayer*, 529 U.S. 1058 (2000). Since that time, Johnstone has commenced at least one further federal habeas proceeding in this Court. On November 27, 2018, in case number 3:18-cv-00533-MMD-CLB, this Court dismissed Johnstone's petition because he failed to secure an order from the Ninth Circuit Court of Appeals authorizing a successive federal habeas action.

**II.     DISCUSSION**

It appears that Johnstone has attempted to circumvent 28 U.S.C. § 2254 by labeling his initial petition as proceeding under 28 U.S.C. § 1332 and his amended petition as proceeding, at least in part, under 28 U.S.C. § 2403. Indeed, in his amended petition, Johnstone claims that he "is not challenging his sentence or conviction." (ECF No. 4 at 2.) Instead, Johnstone explains that "he is challenging that under N.R.S. 171.010 Nevada state courts lack jurisdiction of trying or convicting foreign alien person(s)[1] of other countries." However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Young v. Kenny,* 907 F.2d 874 (9th Cir.1990), *cert. denied* 11 S.Ct. 1090 (1991). Because Johnstone is challenging his conviction by arguing that the state

---

[1] Notably, Johnstone is Canadian.

2

1 court lacked jurisdiction over him, his sole federal remedy for such claims is a
2 writ of habeas corpus. Further, to the extent that Johnstone challenges his
3 judgment of conviction other than through a habeas petition, the civil action is
4 barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

5 Because Johnstone's instant amended petition is second and successive,
6 this Court's lacks jurisdiction over it. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th
7 Cir. 2018) ("[A] federal habeas petition is second or successive if the facts
8 underlying the claim occurred by the time of the initial petition, . . . and if the
9 petition challenges the same state court judgment as the initial petition."). If a
10 petitioner has previously filed an application for habeas relief under section 2254
11 which has been denied on the merits, this Court cannot grant relief with respect
12 to a claim that was not presented in the prior application unless: (1) the applicant
13 shows that the claim relies on a new rule of constitutional law made retroactive
14 to cases on collateral review by the Supreme Court, or (2) the factual predicate
15 for the claim could not have been discovered previously through the exercise of
16 due diligence and the facts underlying the claim, if proven and viewed in light of
17 the evidence as a whole, would be sufficient to establish by clear and convincing
18 evidence that, but for constitutional error, no reasonable factfinder would have
19 found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).
20 Johnstone fails to demonstrate the presence of any of these conditions. Moreover,
21 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate
22 court of appeals before filing a second or successive petition in the district court.
23 It does not appear that Johnstone has secured such leave. In fact, he states, "I
24 don't know if the 9th Circuit gave me permission to file this petition." (ECF No. 4
25 at 4.)

26 Moreover, Johnstone's argument that the state court purportedly lacked
27 jurisdiction over him does not present a cognizable claim for federal habeas relief.
28 Federal habeas corpus relief may be granted "only on the ground that [Petitioner]

1  is in custody in violation of the Constitution or laws or treaties of the United
2  States." 28 U.S.C. § 2254(a). Federal habeas relief is unavailable for mere
3  violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68
4  (1991) (explaining that "it is not the province of a federal habeas corpus court to
5  reexamine state-court determinations on state-law questions"). The fact that
6  Johnstone's challenge goes to the state court's jurisdiction does not alter this
7  principle. "Jurisdiction is no exception to the general rule that federal courts will
8  not engage in collateral review of state court decisions based on state law." *Poe v.
9  Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (petitioner's claim that the state court
10 lacked jurisdiction to convict is not cognizable in federal habeas); *see also Wright
11 v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998) (holding that a state court's
12 determination of jurisdiction under state law is binding on federal habeas
13 court); *U.S. ex rel. Roche v. Scully*, 739 F.2d 739, 741–42 (2d Cir. 1984) ("[N]o
14 federal court to our knowledge has ever granted a writ where a state court's
15 asserted lack of jurisdiction resulted solely from the provisions of state law.");
16 *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether
17 a state court is vested with jurisdiction under state law is a function of the state
18 courts, not the federal judiciary"); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.
19 1991) (noting, without deciding, that it was "not persuaded that a constitutional
20 violation necessarily occurs when the convicting state court acts without
21 jurisdiction purely as a matter of state law").

22     Here, the Nevada Supreme Court was satisfied that the trial court had
23 jurisdiction under Nevada law to adjudicate Johnstone's case. *See Johnstone v.
24 State*, 548 P.2d 1362, 1362–63 (Nev. 1976) (rejecting Johnstone's claim that the
25 trial court lacked jurisdiction to try him as a nonresident alien); *Johnstone v.
26 State*, 566 P.2d 1130, 1131 (1977) ("Because he was a non-resident alien,
27 [Johnstone] contends the district court lacked jurisdiction to try him. We
28 considered and rejected the same argument in *Theriault v. State,* 92 Nev. 185,

4

547 P.2d 668 (1976), and *Paulette v. State*, 92 Nev. 71, 545 P.2d 205 (1976).")." Accordingly, even if this Court had jurisdiction over this matter, Johnstone's challenge to the state court's jurisdiction would not entitle him to federal habeas relief.

### III.   CONCLUSION

It is therefore ordered that the motion to proceed IFP (ECF No. 1) is granted.

It is further ordered that the amended petition (ECF No. 4) is dismissed. A certificate of appealability is denied, as reasonable jurists would not find the dismissal of this action without prejudice to be debatable or wrong.

It is further ordered that the Clerk of the Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (2) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's office of the amended petition (ECF No. 4), this order, and all other filings in this matter by regenerating the notices of electronic filing,[2] (3) enter final judgment dismissing this action, and (4) close this case.

Dated this 2nd day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] No response is required from respondents other than to respond to any orders of a reviewing court.

5